UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEJUAN ANTHONY MASON,

                Petitioner,

v.                                                            Case No. 23-mc-0040-bhl

CENTRAL CITY CYBERSCHOOL, et al.,

                Respondents,

## ORDER

On July 20, 2023, *pro se* Plaintiff Dejuan Anthony Mason submitted what he calls a "Miscellan[e]ous Filing/Non-Adverse Claim" against Central City CyberSchool, Lori Freeman, and McClure d/b/a Central City CyberSchool. (ECF No. 1 at 1.) He also filed a Motion for Leave to Proceed Without Prepayment of the Filing Fee. (ECF No. 2.) The Court has authority to allow a litigant to proceed without prepaying the filing fee if it determines that the litigant is unable to pay the costs of commencing the action, and the action is not frivolous, states a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2).

Mason has not provided the Court with sufficient information to show that he is unable to pay the costs of commencing this action. He completed the standard form for non-prisoners but answered almost every question—from his monthly wages or salary to monthly expenses—with "[it] varies." (ECF No. 2 at 1-3.) This may be literally quite honest, but it is utterly unhelpful. The Court needs a basis on which to evaluate Mason's "allegation of poverty." *See* 28 U.S.C. § 1915(e)(2)(A). His motion does not provide that. He alleges only a single concrete expense ($800 a month for rent) and no specific income (despite identifying a place of employment). (ECF No. 2 at 2-3.) As a result, the Court cannot allow him to proceed without prepayment of the filing fee.

Mason's "Miscellan[e]ous Filing/Non-Adverse Claim" also fails to state a claim. Strange title aside, the document generally tracks what one would expect from a federal complaint filed by an unrepresented litigant (a few grammatical errors and typos). But, at times, it also pivots wholly into borderline incomprehensible sovereign citizen lingo. *See* Michael Crowell, *A Quick Guide to*

*Sovereign Citizens*, UNIV. OF N.C. SCH. OF GOV'T, https://www.sog.unc.edu/sites/default/files/reports/aojb1504.pdf. For instance, in the "Jurisdiction and Parties" section, Mason identifies himself as "DeJuan-Anthony:Mason, Living flesh and blood Man, Wisconsinite, Non-Citizen National of United States of America, having refuge, non-statutorily in the United States, in a non-military occupied area without the Territorial Jurisdiction and without the District of Columbia." (*Id.* at 2.) He goes on to state that he "is a friend of the United States," is "not an enemy of the state or neutral party," and "currently do[es] not have a personal military so [he] depend[s] on the United States for protection and security found in Article IV Section 4 allowing the implied surety access to protection against invasion and domestic violence." (*Id.*) These odd assertions are not obviously relevant to whatever claim Mason might actually have. As best the Court can tell, he is embroiled in some kind of custody dispute and is unable to see his children as often as he would like. If true, that could threaten this Court's jurisdiction under the domestic-relations exception. *See Kowalski v. Boliker*, 893 F.3d 987, 995-96 (7th Cir. 2018) (explaining the exception). But the applicability of that exception is impossible to discern on such a limited factual record. Federal Rule of Civil Procedure 8 requires plaintiffs to submit "a short and plain statement of [his] claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mason's complaint cites a variety of statutes and constitutional provisions, but it does not clearly explain his claim. The closest it comes is paragraph 3.1, which accuses Defendants of conspiring to sever Mason's "access to his offspring." (ECF No. 1 at 3-4.) Even that is too vague.

Given the myriad shortcomings with his complaint and motion, the Court cannot allow Mason's case to go forward. Instead, it will deny his Motion for Leave to Proceed Without Prepayment of the Filing Fee without prejudice and allow him another chance to more accurately enumerate his assets and liabilities. It will also dismiss his complaint without prejudice and allow him an opportunity to refile. If he chooses to do so, he should bear in mind that the complaint is not the place for legal argument. He need only comply with the lenient requirements of Fed. R. Civ. P. 8(a).

Accordingly,

**IT IS HEREBY ORDERED** that Mason's complaint, ECF No. 1, is **dismissed** without prejudice.

**IT IS FURTHER ORDERED** that, should Mason wish to file an amended complaint, he must do so on or before **August 15, 2023**.

**IT IS FURTHER ORDERED** that Mason's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **DENIED** without prejudice. Alongside his new complaint, Mason may also file a new Motion for Leave to Proceed Without Prepayment of the Filing Fee that satisfies his obligation to substantiate his allegations of poverty.

Dated at Milwaukee, Wisconsin on July 24, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge